E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
DAVID W. WILLIAMS (Cal. Bar No. 295204)
Assistant United States Attorney
Criminal Appeals Section
    1000 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8485
    Facsimile: (213) 894-8513
    E-mail: david.williams3@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:20-cr-479-MWF |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JOSE GUADALUPE VASQUEZ-HERNANDEZ |
| v. | |
| JOSE GUADALUPE VASQUEZ-HERNANDEZ,<br>   aka "Jose Vasquez" and "Jose H. Vasquez,"<br>        Defendant. | |

    1.    This constitutes the plea agreement between JOSE GUADALUPE VASQUEZ-HERNANDEZ ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.    Defendant agrees to:

        a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the sole count of

the indictment in <u>United States v. Vasquez-Hernandez</u>, 2:20-cr-479-MWF, which charges defendant with being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. §§ 1326(a), (b)(1), (b)(2).

  b. Not contest facts agreed to in this agreement.

  c. Abide by all agreements regarding sentencing contained in this agreement.

  d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

  e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

  f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

  g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

  a. Not contest facts agreed to in this agreement.

  b. Abide by all agreements regarding sentencing contained in this agreement.

  c. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to

Doc ID: f943fbb9b94dbb9412230bc15e81e215f606a4f3

1  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
2  additional one-level reduction if available under that section.
3          d.   At the time of sentencing, recommend a two-level
4  downward departure from the applicable Sentencing Guidelines offense
5  level pursuant to U.S.S.G. § 2L1.2 comment. (n.8), U.S.S.G. § 5K2.0,
6  and 18 U.S.C. § 3553(a), provided that (i) defendant complies with
7  paragraph 2 and the other provisions of this agreement up through the
8  time of sentencing, and (ii) the Court adopts the Sentencing Factors
9  set forth in paragraph 12 of this agreement.

## NATURE OF THE OFFENSE

11  4.   Defendant understands that for defendant to be guilty of
12  the crime charged in the indictment, that is, Being an Illegal Alien
13  Found in the United States Following Deportation in violation of 8
14  U.S.C. § 1326(a), the following must be true:
15          (1) defendant was lawfully deported or removed from
16       the United States;
17          (2) after defendant's deportation or removal,
18       defendant voluntarily entered the United States;
19          (3) after defendant entered the United States,
20       defendant knew that defendant was in the United States and
21       knowingly remained;
22          (4) defendant was found in the United States without
23       having obtained consent to reapply for admission into the
24       United States from the Attorney General or the Secretary of
25       the Department of Homeland Security, or any authorized
26       representative of either official;
27          (5) defendant was, at the time of the offense, an
28       alien, that is, a person who is not a natural-born or

3

naturalized citizen, or a national, of the United States; and

(6) defendant was free from official restraint at the time he or she was found in the United States. Defendant was free from official restraint if defendant was first observed by a United States officer after defendant physically crossed the border of the United States.

5. Defendant further understands that, for defendant to be subject to the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(2), defendant's deportation or removal must have occurred after defendant was convicted of an aggravated felony, that is, the aggravated felony described in paragraph 10 below.

PENALTIES

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 8 U.S.C. § 1326(a) where the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(2) apply, is: 20 years imprisonment; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant and his counsel have discussed the fact that, and defendant understands that, because defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

Doc ID: f943fbb9b94dbb9412230bc15e81e215f606a4f3

## FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty, and that he is subject to the heightened statutory maximum penalty under 8 U.S.C. § 1326(b)(2) as set forth above. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant, a citizen of Mexico, was at all times relevant to this plea agreement an alien, that is, not a natural-born or naturalized citizen, or national, of the United States.

Defendant was lawfully deported or removed from the United States on or about April 22, 2013. Subsequent to defendant's deportation or removal, defendant knowingly and voluntarily re-entered and thereafter remained in the United States. Defendant did so without the consent of the Attorney General or his designated successor, the Secretary of the Department of Homeland Security, or of any authorized representative of either the Attorney General or the Secretary of the Department of Homeland Security, to reapply for admission or to otherwise re-enter and remain in the United States. After defendant re-entered and remained in the United States, on or about November 17, 2019, immigration authorities found defendant in Los Angeles County, within the Central District of California.

Doc ID: f943fbb9b94dbb9412230bc15e81e215f606a4f3

Defendant was found by immigration authorities after he had physically crossed the border of the United States.

Additionally, on or about December 2, 2003, defendant was convicted of attempted unlawful sexual contact with a minor, an aggravated felony, in violation of Ohio Revised Code §§ 2923.02, 2907.04(a), and 2907.04(b)(3), in the Common Pleas Court of Lucas County, Ohio, Case No. G-4801-CR-0200301583. This conviction is an aggravated felony because it is a crime constituting sexual abuse of a minor. Defendant was sentenced to 30 days' imprisonment, 90 days in a treatment facility, and four years of probation.

On or about April 10, 2009, defendant was also convicted of attempted failure to notify, a fifth-degree felony, in violation of Ohio Revised Code §§ 2923.02, 2950.06(f), and 2950.99(a), in the Common Pleas Court of Lucas County, Ohio, Case No. G-4801-CR-0200701870-000.

## SENTENCING FACTORS

11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

Doc ID: f943fbb9b94dbb9412230bc15e81e215f606a4f3

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 8 | [U.S.S.G. § 2L1.2(a)] |
| Felony Conviction Sustained Before Initial Removal Order | +4 | [U.S.S.G. § 2L1.2(b)(2)(D) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

Doc ID: f943fbb9b94dbb9412230bc15e81e215f606a4f3

1         e.   The right to confront and cross-examine witnesses
2 against defendant.

3         f.   The right to testify and to present evidence in
4 opposition to the charges, including the right to compel the
5 attendance of witnesses to testify.

6         g.   The right not to be compelled to testify, and, if
7 defendant chose not to testify or present evidence, to have that
8 choice not be used against defendant.

9         h.   Any and all rights to pursue any affirmative defenses,
10 Fourth Amendment or Fifth Amendment claims, and other pretrial
11 motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

13    16.   Defendant understands that, with the exception of an appeal
14 based on a claim that defendant's guilty plea was involuntary, by
15 pleading guilty defendant is waiving and giving up any right to
16 appeal defendant's conviction on the offense to which defendant is
17 pleading guilty. Defendant understands that this waiver includes,
18 but is not limited to, arguments that the statute to which defendant
19 is pleading guilty is unconstitutional, and any and all claims that
20 the statement of facts provided herein is insufficient to support
21 defendant's plea of guilty.

## WAIVER OF APPEAL AND COLLATERAL ATTACK

23    17.   Defendant agrees that, provided the Court imposes a term of
24 imprisonment within or below the range corresponding to an offense
25 level of 12 and the criminal history category calculated by the
26 Court, defendant gives up the right to appeal all of the following:
27 (a) the procedures and calculations used to determine and impose any
28 portion of the sentence; (b) the term of imprisonment imposed by the

9

Court, including, to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 12 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

Doc ID: f943fbb9b94dbb9412230bc15e81e215f606a4f3

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

Doc ID: f943fbb9b94dbb9412230bc15e81e215f606a4f3

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
## OFFICE NOT PARTIES

23. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to

Doc ID: f943fbb9b94dbb9412230bc15e81e215f606a4f3

1  fulfill all defendant's obligations under this agreement.  Defendant
2  understands that no one -- not the prosecutor, defendant's attorney,
3  or the Court -- can make a binding prediction or promise regarding
4  the sentence defendant will receive, except that it will be within
5  the statutory maximum.

## NO ADDITIONAL AGREEMENTS

7      26.  Defendant understands that, except as set forth herein,
8  there are no promises, understandings, or agreements between the USAO
9  and defendant or defendant's attorney, and that no additional
10 promise, understanding, or agreement may be entered into unless in a
11 writing signed by all parties or on the record in court.
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27
28

Doc ID: f943fbb9b94dbb9412230bc15e81e215f606a4f3

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

/s/ David W. Williams                         September 14, 2023
DAVID W. WILLIAMS                             Date
Assistant United States Attorney

/s/                                           09 / 06 / 2023
JOSE GUADALUPE VASQUEZ-HERNANDEZ              Date
Defendant

/s/                                           9/13/23
ZULU ALI                                      Date
Attorney for Defendant Jose
Guadalupe Vasquez-Hernandez


CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences

14

of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     09 / 07 / 2023
JOSE GUADALUPE VASQUEZ-HERNANDEZ    Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JOSE GUADALUPE VASQUEZ-HERNANDEZ's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to

Doc ID: f943fbb9b94dbb9412230bc15e81e215f606a4f3
Doc ID: 1b122a7dc37e0d0a133ae7cafc7e26bda86a4dcf

1  support my client's entry of a guilty plea pursuant to this
2  agreement.

3  _____        9/13/23
4  ZULU ALI                           Date
   Attorney for Defendant Jose
5  Guadalupe Vasquez-Hernandez

Doc ID: f943fbb9b94dbb9412230bc15e81e215f606a4f3